## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3030 |
| vs. | ORDER |
| DEVIN L. ASHFORD, | |
| Defendant. | |

This matter is before the Court on the defendant's motion for free copies (filing 141) and related request for a free transcript (filing 142). The defendant is requesting "trial transcripts, voir dire, opening statements, and closing arguments" and "discovery, copy of my indictment, exhibit list, trial rules (rules used at trial)[,] my initial appearance audio and transcripts." Filing 141. The motion and request for transcript will be denied.

To begin with, no transcript of the defendant's initial appearance was prepared. An indigent defendant bringing a postconviction proceeding under 28 U.S.C. § 2255 may have a transcript prepared at the government's expense, if the suit is not frivolous *and* the transcript is needed to decide the issue presented. 28 U.S.C. § 753. But any request for a free transcript prior to the filing of a § 2255 motion is premature. *Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995). And the defendant has not filed such a motion.

The other transcripts the defendant has requested, and the indictment and exhibit list, are part of the Court's record. But the defendant does not have the right to receive copies of documents without payment, even if he is indigent. *See,* 28 U.S.C. § 1915; *Lewis v. Precision Optics, Inc.*, 612 F.2d 1074, 1075 (8th Cir. 1980). And the defendant has not explained why he needs the documents. *See* filing 141.

Finally, some of the requested documents, such as whatever might have been provided during discovery, aren't in the Court's possession, and would have to be obtained from the defendant's counsel.[1] And while "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law," *see Simmons v. United States*, 142 S. Ct. 23, 24 (2021), it is not the Court's responsibility to provide the defendant with legal assistance, *see Pliler v. Ford*, 542 U.S. 225, 231 (2004). Accordingly,

IT IS ORDERED that the defendant's motion for copies (filing 141) and request for transcript (filing 142) are denied.

Dated this 15th day of September, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[1] A member of the Nebraska bar is ethically required to protect a client's interests, including the surrender of papers and property to which the client is entitled. *See* Neb. Ct. R. of Prof. Cond. § 3-501.16(d). The best thing for the defendant to do at this point would be to contact his counsel and ask for his case file, which may contain most if not all of what he's seeking.