IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3030 |
| vs. | ORDER |
| DEVIN L. ASHFORD, | |
| Defendant. | |

This matter is before the Court on the defendant's motion to appoint counsel (filing 144). That motion will be denied.

The defendant says that he wants court-appointed counsel for his "2255 motion." Filing 144. Pursuant to 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

And the Court may appoint counsel to represent a § 2255 movant if it "determines that the interests of justice so require." § 2255(g); 18 U.S.C. § 3006A(a)(2)(B).

But the defendant was convicted of several offenses after a three-day jury trial at which he was represented by capable and experienced counsel.

Counsel appealed on his behalf, arguing that the evidence was insufficient and the sentence was unreasonable, but the Eighth Circuit affirmed his convictions and sentences. *See United States v. Ashford*, No. 20-3561, 2022 WL 572487 (8th Cir. Feb. 25, 2022). In other words, everything in the record suggests that the defendant received all the legal process he was due under the Constitution and laws of the United States.

In his current motion, the defendant has provided the Court with no indication of what legal defects might call his conviction and sentence into question. *See* filing 144. He has alleged nothing to undermine confidence in the jury's verdict, the Court's sentence, or the legal process. There is, therefore, no reason to believe that "the interests of justice" require counsel to be appointed, at least at this stage with no legal justification to do otherwise.

IT IS ORDERED that the defendant's motion to appoint counsel (filing 144) is denied.

Dated this 23rd day of November, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge