IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3030 |
| vs. | ORDER |
| DEVIN L. ASHFORD, | |
| Defendant. | |

The defendant has filed a motion (filing 155) for additional time to supplement his pending motion to vacate under 28 U.S.C. § 2255 (filing 146). That motion will be granted. The defendant is cautioned, however, that while he can provide additional authority and allegations to support the claims raised in his initial motion, any new claims asserted may not be timely. As the Eighth Circuit has explained with respect to the statute of limitations for initial and amended § 2255 motions:

> Claims made in an amended motion relate back to the original motion when the amendment asserts a claim that arose out of the same conduct, transaction, or occurrence set out in the original motion. To arise out of the same conduct, transaction, or occurrence, the claims must be tied to a common core of operative facts. An amended motion may raise new legal theories only if the new claims relate back to the original motion by arising out of the same set of facts as the original claims. The facts alleged must be specific enough to put the opposing party on notice of the factual basis for the claim. Thus, it is not enough that both an original

motion and an amended motion allege ineffective assistance of counsel during a trial. The allegations of ineffective assistance must be of the same time and type as those in the original motion, such that they arise from the same core set of operative facts.

*Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010) (cleaned up). In other words, a claim that's filed in an "amended" motion—potentially outside the one-year statute of limitations—would only relate back to the defendant's initial motion if it's sufficiently related to his original claims. *See id*. at 516-17. Any completely new claims in an amended motion could be untimely.

The defendant has also moved for appointment of counsel. Filing 152. The Court may appoint counsel to represent a § 2255 movant if it "determines that the interests of justice so require." § 2255(g); 18 U.S.C. § 3006A(a)(2)(B). But the Court cannot make that determination at this time. Rather, the Court will consider after initial review of the defendant's § 2255 motion whether appointment of counsel is warranted, which the Court will undertake after affording the defendant additional time to supplement his § 2255 motion. The defendant's motion to appoint counsel will be denied without prejudice to reconsideration at that time.

IT IS ORDERED:

1. The defendant's motion to amend (filing 155) is granted.

2. The defendant may file an amended motion to vacate on or before April 8, 2026, at which time this matter may be submitted.

3. The defendant's motion for status and to appoint counsel (filing 152) is denied without prejudice.

4. The defendant's previous motions to amend (filing 151; filing 153) are denied as moot.

Dated this 8th day of January, 2026.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge